UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTIN GWYNN,

    Plaintiff,

v.                                                          CASE NO.: 8:09-cv-2093-T-23TGW

RABCO LEASING, INC., et al.,

    Defendants.
_____/

**ORDER**

Based on Rabco Leasing's Chapter 7 Bankruptcy petition and the automatic stay of each of the plaintiff's claims against Rabco Leasing, the plaintiff moved (Doc. 66) on May 6, 2010, to dismiss Rabco Leasing's counterclaim (Doc. 65) "for lack of subject matter jurisdiction." On June 23, 2010, the plaintiff announced (Doc. 69) that the bankruptcy court granted the plaintiff's motion to lift the automatic stay. Thus, a June 25, 2010, order (Doc. 71) denied as moot the plaintiff's motion to dismiss (Doc. 66). The plaintiff again moves (Doc. 78) to dismiss the counterclaim based on judicial estoppel, failure to state either a claim for copyright or trademark infringement, and a lack of subject matter jurisdiction. The defendants respond (Doc. 84) in opposition.

Rule 12(g)(2), Federal Rules of Civil Procedure, states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Instead of resorting to successive motions, Rule 12(h)(2) instructs a party to raise either the defense of "failure to state a claim" or any other legal defense (1) "in any pleading allowed or ordered under Rule 7(a)," (2) "by

motion under Rule 12(c)," or (3) "at trial." Rule 12(h)(3) requires dismissal of an action if at any time the court lacks subject matter jurisdiction.

To the extent that the motion (Doc. 78) asserts a defense not raised in the plaintiff's previous motion (Doc. 66), Rule 12(g)(2) prohibits the raising of each defense by a successive motion. The plaintiff may, however, raise each defense in accord with Rule 12(h)(2). The plaintiff argues that this court lacks "subject matter jurisdiction" over counts one, two, five, six, seven, nine, and ten, because "[a]s permissive counterclaims, they are outside the supplemental jurisdiction of this [c]ourt and therefore require an independent basis for jurisdiction." This argument utterly lacks merit. Section 1367 of Title 28, United States Code, permits the discretionary exercise of supplemental jurisdiction over counts one, two, five, six, seven, nine, and ten, even if the claim is permissive. Count six arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and subject matter jurisdiction exists under 28 U.S.C. §§ 1331.

Accordingly, the plaintiff's motion (Doc. 78) to dismiss is **DENIED**, and the plaintiff's motion to file a reply (Doc. 85) is **DENIED AS MOOT**. Each party is cautioned that a motion asserting a frivolous argument and wasting valuable and scarce resources may result in sanctions. The discernable direction of this action raises a distinct prospect that sanctions will occur unless counsel promptly govern themselves more wisely.

ORDERED in Tampa, Florida, on July 28, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE